IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30618
_____


In The Matter Of: ROBERT LEO HACKETT

                  Debtor


------------------------

ROBERT LEO HACKETT

                  Appellant

    v.

UNITED STATES FIDELITY & GUARANTY COMPANY, INC.; DAVID OESTREICHER;
JANICE CHENIER TAYLOR

                  Appellees

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-3819)
_____
August 31, 2000

Before KING, Chief Judge, and PARKER, Circuit Judge, and KAZEN[*],
District Judge.

PER CURIAM:[**]

    Robert L. Hackett appeals the district court's judgment

affirming the order of the bankruptcy court dismissing his Chapter

---

[*] District Judge of the Southern District of Texas, sitting by
designation.
    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11 case.

The record reflects that Hackett filed a Chapter 13 case in October 1997. Two motions for relief from stay were filed, one of which was granted. The second creditor, Schwegmann Bank & Trust Company, filed a § 362 motion for relief from the automatic stay in January 1998, but resolution of the matter was delayed due to uncertainty whether Hackett's case would proceed. Schwegmann renewed its motion in April 1998. Faced with an attempt by the United States Trustee to dismiss his case for ongoing nonobservance of Chapter 13 deadlines, Hackett voluntarily dismissed that case - on the morning of the hearing date set for Schwegmann's motion. The dismissal mooted Schwegmann's § 362 proceeding.

Three days later, Hackett sought relief under Chapter 11 of the Bankruptcy Code in a new case. The United States Trustee successfully moved to dismiss pursuant to 11 U.S.C. § 109(g)(2). Hackett appealed the dismissal to the district court which affirmed and filed a thoughtful opinion in support of its judgment.

On appeal, Hackett has favored us with a four-paragraph brief, which asserts that he "followed the advice of counsel" in voluntarily dismissing his Chapter 13 case and refiling in Chapter 11. He provides no record cites and no argument in support of that assertion. As appellee United States Fidelity & Guaranty Company correctly points out, that is insufficient to preserve the issue and it is waived. Hackett also attempts to raise the issue whether § 109(g)(2) should be strictly enforced or whether, instead, it

should read in appropriate circumstances to include a good faith exception.  See In re Ulmer, 19 F.3d 234 (5th Cir. 1994).  Whatever may be the answer to that question, it is clear that Hackett would not qualify for such an exception however it might be configured.

The judgment of the district court is AFFIRMED.  Costs shall be borne by Hackett.